UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS WILBON, #162532 and
JOHN GREEN, #196584,

      Plaintiffs,

                            Civil No: 2:07-CV-11903
                            Honorable Anna Diggs Taylor
                            Magistrate Judge Steven D. Pepe

v.

**EDWARD M. THOMAS, et. al.,**
Former Wayne County Circuit Court Judge[1],

      Defendants.
_____

## OPINION & ORDER SUMMARILY DISMISSING PLAINTIFFS' CIVIL RIGHTS COMPLAINT

### I. Introduction

Plaintiffs, Louis Wilbon and John Green, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, have filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiffs assert that they are being unjustly incarcerated and are being falsely imprisoned because the individually named Defendants, who are all Michigan state court judges, were not properly licensed to practice law at the time these Plaintiffs were convicted and sentenced. Therefore, Plaintiffs contend that these judges lacked the constitutional authority to order their incarceration. Consequently, Plaintiffs assert that their detention is unlawful and constitutes false imprisonment. Accordingly, Plaintiffs have filed this prisoner's civil rights complaint and request

---

[1]Edward M. Thomas presently works as corporate counsel for Wayne County and is no longer an active member of the bench. R. Stuart Hoffius and George R. Cook are deceased. The Honorable Deborah A. Thomas, the Honorable George S. Buth and the Honorable Dennis C. Kolenda remain active members of the bench in the 3rd (Thomas) and 17th Circuits (Buth & Kolenda), respectively. However, during all times that are relevant in Plaintiffs' complaint, each of these individuals were active members of the bench and are being sued in their judicial capacity.

that they be compensated in the sum of sixty million ($60,000,000.00) dollars in compensatory damages and thirty six million ($36,000,000) dollars in punitive damages. Plaintiffs also seek declaratory and injunctive relief.

The Court finds that Plaintiffs' Complaint is summarily dismissed with prejudice for failure to state a claim.

## II. Statement of Facts

Plaintiff Green was convicted in a bench trial on October 14, 1993 before Judge Edward M. Thomas of two counts of first degree premeditated murder. Plaintiff Green was sentenced to life imprisonment on November 2, 1993. Plaintiff Wilbon was convicted before Judge Stuart Hoffius (deceased), Judge George R. Cook (deceased), Judge George S. Buth and Judge Dennis C. Kolenda over the course of several years (1980- 2004) for various offenses. Plaintiff Wilbon was convicted of obtaining money by false pretenses, uttering and publishing and embezzlement. He was sentenced to 4 - 10 years, 4 - 20 years and 5 - 10 years for the false pretenses charges and 2 - 10 years for the uttering and publishing and embezzlement convictions.

Plaintiffs' claim against the State Bar of Michigan is based upon the following contention:

Each defendant claims membership in the State Bar of Michigan, an organization that engages in the fraudulent practice of granting authorizations to practice law in circumvention and contravention of the constitutional mandate for a license . . . The State Bar holds itself out as a government (body) agency when in fact, such is a constitutional impossibility. That organization admits it does not issue licenses but engages in the illegal practice of supervising, counseling and directi[ng] [] the legal profession for its members who are unlicensed practitioners representing themselves to be licensed, legitimate and constitutionally authorized professionals  . . . .

*(Complaint, pp. 8-9)*

Based upon the foregoing, it is Plaintiffs' position that the State Bar of Michigan facilitates the unauthorized and illegal practice of individuals purporting to be licensed attorneys and judges,

2

who wrongfully preside over litigation, and without authority, imprison members of the public. Accordingly, Plaintiffs contend that the State Bar of Michigan is liable for Plaintiffs' wrongful and false imprisonment.

Plaintiffs' claim against the individually named Defendant judges is supported by the following argument:

> Plaintiffs were subjected to criminal proceedings, introduction of evidence, charges, trials and sentencing, by individuals representing [them]selves to be duly authorized judges, officers of the court, and protectors of the Constitution and laws, when in fact, they were not duly authorized nor possessed the jurisdiction to so act and subject plaintiffs to. . . The actions of defendants E. Thomas, D. Thomas. Kolenda, Buth, Hoffius and Cook in presiding over the criminal proceedings without being duly licensed judges (judicial officers), and rendering decision (judgments), and imposing sentences (punishments), were done maliciously and sadistically and constituted denial of due process and cruel and unusual punishment in violation of the Fifth, Eighth, and Fourteenth Amendments of the United States.

*(Complaint, pp. 9-10).* Therefore, these allegedly unlicensed members of the bench had no authority to preside over Plaintiffs' respective cases, nor order their imprisonment. Accordingly, Plaintiffs' maintain that their continued imprisonment constitutes a violation of their civil and constitutional rights.

## III. Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee under the Prison Litigation Reform Act of 1996 ("PLRA"), a federal district court must determine *sua sponte* whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir.2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to

3

state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)).

### A. Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). Although a *pro se* civil rights complaint is to be construed liberally, See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the *pro se* litigant must still "plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief." *Walls v. Cleland,* 2006 WL 1235761 (E.D. Mich.) (May 8, 2006). Plaintiffs' cause of action against Defendants in this case must fail for six reasons.

#### 1. Judicial Immunity

First, each of the individually named Defendants were at the time this cause of action arose state court judges. To the extent that Plaintiffs seek monetary damages, injunctive or declaratory relief from these Defendants, their request must be denied, as judges are absolutely immune from suit involving a claim for monetary damages or equitable remedies. *Heck v. Humphrey,* 512 U.S.

4

477 (1994); *Mireles v. Waco,* 502 U.S. 9, 9-10 (1991). In this case, Plaintiffs not only requested compensatory and punitive damages, but they also set forth in their complaint a request for injunctive and declaratory relief. "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer in exercising the authority vested in him shall be free to act upon his own convictions without apprehension of personal consequences to himself." *Id.* Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Id. at 11.* Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id. at 12.* Plaintiffs' allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that presiding over these Plaintiffs' respective trials and ordering their incarceration were judicial acts, and that these individually named Defendants were acting within their jurisdiction in doing so. Accordingly, the judicial Defendants are absolutely immune from liability and Plaintiffs may not maintain an action for monetary damages or equitable relief. *28 U.S.C. §1915(e)(2)(B)(iii).*

### 2. Eleventh Amendment Sovereign Immunity

Second, Plaintiffs have included the Michigan State Bar as a party Defendant in this case. The State Bar of Michigan must be dismissed as a party Defendant because of its Eleventh Amendment sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects or any Foreign State." Although by its explicit wording the amendment forbids only suits against states filed by nonresidents of that state, the Supreme Court

5

of the United States long ago ruled that the amendment's prohibitions extend to suits against a sovereign state by its own citizens. See *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). "This jurisdictional bar applies to the [state or its agencies] regardless of the nature of the relief sought." *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100 (1984). Accordingly, the State Bar of Michigan is immune from suit and Plaintiffs' claims against it are properly dismissed.

### 3. Habeas v. Civil Rights Cause of Action

Third, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. §1983. *Preiser v. Rodriguez,* 411 U.S. 475, 484, 493 (1973)(the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Arguably, Plaintiffs in this case are in effect challenging their incarceration and the duration of it by claiming that the Defendant judges were not authorized to preside over their case or order their imprisonment. Therefore, to the extent that Plaintiffs' complaint challenges the fact or duration of their incarceration, it must be dismissed. See, *Moore v. Pemburton,* 110 F.3d 22 (7th Cir. 1997).

### 4. Legal Malpractice

Fourth, Plaintiffs also allege legal malpractice on the part of the Defendant judges in this matter. To the extent that Plaintiffs assert a claim of legal malpractice, that claim arises solely under state law. 42 U.S.C. §1983 does not provide redress for a violation of a state law. *Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th Cir. 1995). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *Landefeldv. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

6

### 5. Insufficient Facts to Support Legal Claim

Fifth, the basis upon which Plaintiffs' constitutional violation claim is premised is their assertion that none of these judges were licensed to practice law at the time they presided over their respective cases. However, Plaintiffs have failed to produce any proof or other support to substantiate their claim. What Plaintiffs have attached to their pleadings are letters dated in 1986 from the State Bar of Michigan, the Department of Licensing and Regulation and the Michigan Supreme Court which inform the Plaintiffs about attorneys and their licensure. Upon the Court's review of these letters, it is understandable how they could create a source of confusion. However, what is clear in the correspondence is that as long as an individual passes the Michigan State Bar Exam and remains an active member of the Bar in good standing, that individual may engage in the practice of law, which includes embarking upon a judgeship.

Therefore, as a factual matter, Plaintiffs have failed to set forth any facts to substantiate their assertion that their civil rights have been violated since these Defendant judges were within their authority to preside and issue sentence relative to Plaintiffs' respective cases. Besides the blanket claim that none of the Defendant judges were licensed to practice law at the time Plaintiffs were convicted, no factual support for these allegations has been provided, nor has any particular conduct or behavior of these Defendant judges been demonstrated as being an indication of bias or unethical deportment to the point of jeopardizing Plaintiffs' right to a fair trial.

### 6. Statute of Limitations

Finally, there are statute of limitation concerns, as Plaintiffs have raised their claims based upon decisions of the Defendant judges that span as far back as 1980 to as recently as 2004. In light of the overwhelming legal authority supporting the dismissal of this matter, the Court declines to

detail the statute of limitations issue as it applies to the facts of this case. Suffice to say that a claim based upon one of Plaintiff Wilbon's 27 year old convictions (referring to the 1980 conviction) or Plaintiff Green's 1993 conviction (14 years ago) is time barred. By Plaintiffs' own admission, two of the judges against whom they have instituted a claim have died, ergo the basis for having statute of limitation rules. Therefore, the Court finds that the statute of limitations has run relative to Plaintiffs' claims and are appropriately time barred.

## IV. Conclusion

For the reasons stated, the Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted relative to all party defendants.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Complaint **[Docket No: 1, filed May 1, 2007]** is summarily **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the Plaintiffs' Application for Prisoner to Proceed Without Pre-Payment of Fees or Costs **[Docket No: 2, filed May 1, 2007]** is **GRANTED**.

IT IS FURTHER ORDERED that the Plaintiffs' Motion for Preliminary Injunction **[Docket No: 4, filed May 1, 2007]** is **DENIED** as moot.

|  |  |
|---|---|
| DATED: JULY 23, 2007 | s/Anna Diggs Taylor<br>HONORABLE ANNA DIGGS TAYLOR<br>UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 23, 2007.

Louis Wilbon, #162532
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

John Green, #196584
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

              s/Johnetta M. Curry-Williams
              Case Manager